UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. HUDSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01313-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S SECTION 1983 CIVIL RIGHTS COMPLAINT |

　　　　Darryl W. Hudson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　In his complaint, Plaintiff alleges that his cell was searched, and that a deadly weapon was found. Plaintiff further alleges that even though Plaintiff's cellmate admitted the weapon was his, Plaintiff was issued a Rules Violation Report ("RVR") and was found guilty. According to a copy of the findings, which Plaintiff attached, Plaintiff lost 360 days of goodtime credits. (ECF No. 1, p. 13). The only relief Plaintiff seeks is to get his "RVR Reversed from Guilty to Not Guilty" and to have the RVR removed from his central file. (Id. at 6).

　　　　"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation

marks omitted).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.  This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief.  Muhammad v. Close, 540 U.S. 749, 750-751 (2004).  Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson, 544 U.S. at 81-82.  The Supreme Court extended the favorable termination rule to prison disciplinary proceedings.  Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016).

As Plaintiff is only seeking to have his guilty finding reversed and asking for the RVR to be removed from his central file, and as it appears that Plaintiff lost goodtime credits, Plaintiff may have filed a section 1983 action instead of a petition for a writ of habeas corpus by mistake.

Accordingly, the Court will not rule on Plaintiff's application to proceed *in forma pauperis* at this time.  Instead, the Court will give Plaintiff thirty days to file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(A)(1)(A)(i).

\\\
\\\
\\\
\\\
\\\

If Plaintiff does not file a notice of voluntary dismissal within this period, the Court will grant Plaintiff's application to proceed *in forma pauperis*, which will obligate Plaintiff to pay the filing fee over time from his prison trust account to the extent funds are available, 28 U.S.C. § 1915(b). Subsequently, the Court will screen Plaintiff's complaint.

IT IS SO ORDERED.

Dated: __**October 19, 2022**__         /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE