UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. HUDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>        Defendants. | Case No. 1:22-cv-01313-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

      Darryl W. Hudson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on October 3, 2022. (ECF No. 1). The complaint is now before this Court for screening. In his complaint, Plaintiff challenges the validity of a Rules Violation Report ("RVR") he received for possession of a deadly weapon. As a result of the RVR, Plaintiff lost 360 days of credits.

      As it appeared that Plaintiff is challenging an RVR, Plaintiff lost good time credits because of that RVR, and the only relief Plaintiff is seeking is to have the guilty finding reversed and the RVR removed from his central file, it appeared that Plaintiff's claims should

1

have been raised in a petition for a writ of habeas corpus, rather than this section 1983 action. Accordingly, the Court provided Plaintiff with standards related to the favorable termination rule and gave Plaintiff an opportunity to voluntarily dismiss this action. (ECF No. 7). Plaintiff's deadline passed, and Plaintiff did not voluntarily dismiss this action.

Accordingly, the Court has reviewed Plaintiff's complaint and finds that this action is barred by the favorable termination rule. Therefore, the Court will recommend that this action be dismissed, without prejudice to Plaintiff filing a petition for a writ of habeas corpus.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts

"are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

**II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges as follows:

The incident occurred at Kern Valley State Prison.

On February 16, 2021, Plaintiff's cell was searched and officers found a cell phone and a deadly weapon. The weapon was found under the mattress of Plaintiff's cellmate. Plaintiff's cellmate, inmate Bonner, told defendant Chavez, a correctional officer, that it was his weapon and that Plaintiff had no knowledge of it.

Plaintiff had his investigative employee ask inmate Bonner questions like, "was it [Plaintiff's] weapon?" and "[d]id Plaintiff have knowledge?" The response to both was "no."

However, Plaintiff was found guilty by defendant Lambo, a correctional lieutenant, because defendant Lambo said that under a mattress is a common area. Plaintiff does not believe that a mattress is a common area, or that it is his job to police his cellmate.

Defendant Chavez violated Plaintiff's rights because inmate Bonner told defendant Chavez the weapon was his, but this was nowhere in defendant Chavez's report. Plaintiff asked him why it was not in the report, and he said he is "not no SNITCH." If defendant Chavez would have put inmate Bonner's statement in the report, Plaintiff would have been found not guilty.

Defendant Pfeiffer, the Warden, failed to properly train defendant Chavez.

Defendant Lambo found Plaintiff guilty even though inmate Bonner said it was his weapon and that Plaintiff had no knowledge of it.

Plaintiff attached portions of the RVR to his complaint. (ECF No. 1, pgs. 12-22). According to the RVR, Plaintiff lost 360 days of credits. (Id. at 13). The only relief Plaintiff

seeks is to have his "RVR Reversed from Guilty to Not Guilty" and to have the RVR removed from his central file. (Id. at 6).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B.  Favorable Termination Rule

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82. The Supreme Court extended the favorable termination rule to prison disciplinary proceedings. Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016).

The Court finds that, based on the face of the complaint, Plaintiff's claim is barred by the favorable termination rule. Plaintiff is directly challenging the validity of an RVR for

possession of a deadly weapon.  As a result of this RVR, Plaintiff lost 360 days of credits.  The only relief Plaintiff seeks is to have his "RVR Reversed from Guilty to Not Guilty" and to have the RVR removed from his central file.  (Id. at 6).

As Plaintiff is directly challenging the validity of an RVR that resulted in the loss of credits, success in this action would necessarily demonstrate the invalidity of Plaintiff's confinement or its duration.  Accordingly, the Court finds that this action is barred by the favorable termination rule.

**IV.    RECOMMENDATIONS AND ORDER**

The Court recommends that this action be dismissed without granting Plaintiff further leave to amend.  As described above, success in this action would necessarily demonstrate the invalidity of Plaintiff's confinement or its duration.  Thus, this action is barred by the favorable termination rule and leave to amend would be futile.[1]

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice to Plaintiff filing a petition for a writ of habeas corpus, as barred by the favorable termination rule; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

---

[1] If Plaintiff believes the punishment for the RVR did not affect the duration of his sentence, including if he is serving an indeterminate sentence, he may file objections to these findings and recommendations explaining that position.

6

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **December 7, 2022**          /s/ Eric P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE