UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. HUDSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01313-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　Darryl W. Hudson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on October 3, 2022. (ECF No. 1). In his complaint, Plaintiff challenges the validity of a Rules Violation Report ("RVR") he received for possession of a deadly weapon.

　　　On December 7, 2022, the Court issued findings and recommendations, recommending that this action be dismissed because it is barred by the favorable termination rule. (ECF No. 9). In the findings and recommendations, the Court informed Plaintiff that, "[i]f Plaintiff believes the punishment for the RVR did not affect the duration of his sentence, including if he is serving an indeterminate sentence, he may file objections to these findings and recommendations explaining that position." (Id. at 6 n.1). On December 19, 2022, Plaintiff

filed his objections to the findings and recommendations. (ECF No. 10). In his objections Plaintiff alleges that he is serving a sentence of life without the possibly of parole. Accordingly, the Court vacated the findings and recommendations. (ECF No. 11). Plaintiff's complaint is now before this Court for screening.

The Court has reviewed Plaintiff's complaint, and for the reasons described in this order will recommend that this action be dismissed, with prejudice, for failure to state a claim.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d

677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows:

The incident occurred at Kern Valley State Prison.

On February 16, 2021, Plaintiff's cell was searched and officers found a cell phone and a deadly weapon. The weapon was found under the mattress of Plaintiff's cellmate. Plaintiff's cellmate, inmate Bonner, told defendant Chavez, a correctional officer, that it was his weapon and that Plaintiff had no knowledge of it.

Plaintiff had his investigative employee ask inmate Bonner questions like, "was it [Plaintiff's] weapon?" and "[d]id Plaintiff have knowledge?" The response to both was "no."

However, Plaintiff was found guilty by defendant Lambo, a correctional lieutenant, because defendant Lambo said that under a mattress is a common area. Plaintiff does not believe that a mattress is a common area because if he went under inmate Bonner's mattress his life would be in danger. Plaintiff also believes that it is not his job to police his cellmate.

Defendant Chavez violated Plaintiff's rights because inmate Bonner told defendant Chavez the weapon was his, but this was nowhere in defendant Chavez's report. Plaintiff asked him why it was not in the report, and he said he is "not no SNITCH." If defendant Chavez would have put inmate Bonner's statement in the report, Plaintiff would have been found not guilty.

Defendant Pfeiffer, the Warden, failed to properly train defendant Chavez.

Defendant Lambo found Plaintiff guilty even though inmate Bonner said it was his weapon and that Plaintiff had no knowledge of it.

Plaintiff attached portions of the RVR to his complaint. (ECF No. 1, pgs. 12-22). According to the RVR, Plaintiff lost 360 days of credits and one year of family visits. (Id. at

3

13).

The only relief Plaintiff seeks is to have his "RVR Reversed from Guilty to Not Guilty" and to have the RVR removed from his central file.  (Id. at 6).

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

\\\
\\\

B. <u>Rules Violation Reports and Procedural Due Process</u>

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. <u>Ingraham v. Wright</u>, 430 U.S. 651, 672-73 (1977).

The United States Supreme Court, in a case involving a disciplinary proceeding that resulted in a punishment of thirty days in solitary confinement, held that while States may create liberty interests, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, *e.g., Vitek,* 445 U.S., at 493, 100 S.Ct., at 1263–1264 (transfer to mental hospital), and *Washington,* 494 U.S., at 221–222, 110 S.Ct., at 1036–1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995). In <u>Sandin</u> the Supreme Court held that neither thirty days in solitary confinement nor issuance of a Rules Violation Report that could be used in parole proceedings were substantial enough deprivations of liberty interests to trigger procedural due process protections.

Even if a liberty interest is at stake, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff</u>, 418 U.S. at 556. <u>Wolff</u> established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." <u>Id.</u> at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." <u>Id.</u> Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." <u>Id.</u> (quoting <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972)). Fourth, "the inmate

facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566.  And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or … to have adequate substitute aid … from the staff or from a[n] … inmate designated by the staff." Id. at 570.  Additionally, "some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached…." Id. at 455-56.

Plaintiff alleges that on February 16, 2021, his cell was searched and officers found a deadly weapon.  The weapon was found under the mattress of Plaintiff's cellmate, inmate Bonner.  Defendant Chavez violated Plaintiff's rights because inmate Bonner told defendant Chavez the weapon was his, but this was nowhere in defendant Chavez's report.  If defendant Chavez would have put inmate Bonner's statement in the report, Plaintiff would have been found not guilty.  Defendant Pfeiffer, the Warden, failed to properly train defendant Chavez.  Additionally, defendant Lambo found Plaintiff guilty of a Rules Violation Report for possession of a deadly weapon, even though Plaintiff's cellmate said the weapon was his and that Plaintiff had no knowledge of it.

The Court finds that Plaintiff fails to state a cognizable constitutional claim against any defendant.  At the outset, according to the facts alleged, Plaintiff was not subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life as a result of the guilty finding.  While Plaintiff lost goodtime credits, this did not affect the duration of his sentence because he is serving a sentence of life without the possibility of parole.[1]  Accordingly,

---

[1] According to Plaintiff's objections to the Court's findings and recommendations (ECF No. 10), as well as public record, https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=AB7149 (last visited February 8, 2023), Plaintiff is serving a sentence of life without the possibility of parole.

Plaintiff fails to sufficiently allege that he was deprived of a liberty interest.

Moreover, there is at least "some evidence" supporting the guilty finding. "Possession is defined as either actual possession or constructive possession of an object. Actual possession exists when a person has physical custody or control of an object. Constructive Possession exists where a person has knowledge of an object and control of the object or the right to control the object, even if the person has no physical contact with it." Cal. Code Regs. tit. 15, § 3000. For example, in In re Zepeda, 141 Cal. App. 4th 1493 (2006), the court found that there was "some evidence" supporting the decision of the hearing officer where "[t]he primary evidence against Zepeda [that Zepeda possessed a weapon] was the location of the razor blades—in a paper medicine cup on top of [a] cement shel[f] in an area easily accessible to both inmates. Zepeda was one of only two inmates who shared the cell, and had been in the cell for several days prior to the discovery of the razor blades. In addition, the plastic casings for the razor blades were found in the cell, indicating that alteration of the razor blades occurred there." Id. at 1499 (alterations in original) (internal quotation marks omitted). The Zepeda court also found that "Zepeda's reliance on the evidence that supports his assertion not to have known about the razor blades, such as his cellmate's acknowledgement of ownership and Zepeda's own claim of innocence, does not change the analysis under *Hill*." Id. at 1500. See also In re Rigsby, 38 Cal. App. 5th 1011, 1019 (2019) ("Although the *Zepeda* court believed the plastic casings had probative value, the location and accessibility of the razor blades were the dispositive circumstances.").

Based on Plaintiff's allegations, Plaintiff shared a cell with another inmate and had access to the area where the weapon was found. While Plaintiff claims that the area under his cellmate's mattress was not a common area, he did have physical access to that area. While Plaintiff may disagree with this finding, it is supported by "some evidence," which is the legal standard for this Court.[2]

As to defendant Chavez, Plaintiff alleges that if he had put inmate Bonner's statement

---

[2] While not dispositive to the Court's analysis, the Court notes that comments to the Rules Violation Report state that the weapon was actually found under Plaintiff's bunk. (ECF No. 1, p. 13).

in his report, Plaintiff would have been found not guilty. However, Defendants' failure to introduce certain evidence does not violate Plaintiff's due process rights as explained above. Plaintiff does have a right to call certain witnesses, but Plaintiff does not allege here that he attempted to call inmate Bonner himself and was denied an opportunity to do so. To the extent Plaintiff is challenging the finding of guilty, again this Court only looks to whether there was "some evidence" underlying the prison's finding. Accordingly, Plaintiff fails to state a claim against defendant Chavez.

As Plaintiff fails to sufficiently allege that defendant Chavez violated his constitutional rights, Plaintiff's claim that defendant Pfeiffer is liable because he failed to properly train defendant Chavez also fails. Additionally, Plaintiff fails to include any allegations regarding the alleged failure to train, such as what training (if any) was provided, why that training was deficient, and what training should have been provided.

Based on the foregoing, the Court finds that Plaintiff fails to state a due process claim against any defendant.

### IV. RECOMMENDATIONS

The Court recommends that this action be dismissed without granting Plaintiff leave to amend. The findings described above are based on allegations in Plaintiff's complaint and amendment would not cure those issues. Therefore, it appears that leave to amend would be futile.[3]

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, with prejudice, for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to

---

[3] If Plaintiff believes that there are additional true factual allegations that could be asserted in an amended complaint that would cure the issues identified above, he may explain that in his objections to this order.

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 8, 2023**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE