# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. HUDSON,<br><br>             Plaintiff,<br><br>        v.<br><br>C. PFEIFFER, et al.,<br><br>             Defendants. | No. 1:22-cv-01313-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 1, 13)<br><br>ORDER DISMISSING ACTION |

The assigned magistrate judge entered findings and recommendations that "[t]his action be dismissed, with prejudice, for failure to state a claim," and that "[t]he Clerk of Court be directed to close this case." (Doc. 13 at 9.) Plaintiff filed objections on March 6, 2023. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

In his objections, Plaintiff asks for leave to amend. (Doc. 14.) Though leave to is generally given liberally, Fed. R. Civ. P. 15(a)(2), a court may decline to do so if amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile). Here, the Court concludes any attempt to amend in the ways suggested by Plaintiff would be futile. First,

1

nothing in the record suggests that a sufficient liberty interest is at stake to support his due process claim.  Plaintiff states that he is appealing his sentence and asserts that, if he is successful on appeal, the RVR could affect him in the future at his parole board hearing.  This is insufficient.  (*See* Doc. 13 at 6 (explaining that in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), "the Supreme Court held that neither thirty days in solitary confinement nor issuance of a Rules Violation Report that could be used in parole proceedings were substantial enough deprivations of liberty interests to trigger procedural due process protections").)  Thus, even if the RVR could affect him at a parole board hearing, this possibility is not sufficient to create a cognizable liberty interest.  Second, even if a sufficient liberty interest existed, as discussed in the findings and recommendations, some evidence supported the guilty finding, which satisfies the applicable legal standard.  Finally, to the extent Plaintiff suggests he plans to amend to include allegations that he was not permitted to call inmate Bonner as a witness at his RVR hearing, his objections acknowledge that he was allowed to ask inmate Bonner questions prior to the hearing.  Moreover, a supplement to the RVR acknowledges the questions and answers by inmate Bonner (Doc. 1 at 18), and it appears that the hearing officer reviewed the questions and answers prior to issuing his decision. (*Id.* at 18 & 20.)[1]  Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations issued on February 9, 2023, (Doc. 13), are **ADOPTED IN FULL**.
2. This action is **DISMISSED**, with prejudice, for failure to state a claim.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 9, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff asserts for the first time in his objections that unnamed officers gave him the RVR in retaliation for his participation in a different lawsuit.  (Doc. 14.)  Any such claim would be separate from the due process claim Plaintiff brought here.  Nothing in this order should be interpreted to prevent Plaintiff from pursuing a separate case in relation to any retaliation claim, to the extent such a claim is otherwise viable.